UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEJUAN CARTER,

    Plaintiff,

v.                                                Case No. 15-11370

REDFORD TOWNSHIP, et al.

    Defendants.

                                                    /

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Now before the court is Defendant Redford Township's Motion for Summary Judgment, (Dkt. # 19), on Plaintiff's *Monell* claim. The matter has been fully briefed, and the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons detailed below, the court will grant the Defendant Township's Motion.

**I. BACKGROUND**

On April 20, 2013, Plaintiff DeJuan Carter attended the wedding reception of a family member in Redford Township. (Dkt. # 15, Pg. ID 74; Dkt. # 17, Pg. ID 135.) The evening did not go well, and at some point during the event, Plaintiff entered into a verbal dispute with the groom. (*Id.*) The police were called, and when Defendant Officer Jason Haas arrived on the scene, he saw Plaintiff standing outside in the parking lot, screaming and being restrained by one or two individuals. (*Id.*) While the parties disagree about the exact sequence of events, there is no dispute that Defendant Officer Haas struck Plaintiff at least twice. (*Id.*) Plaintiff alleges that this constituted an assault and was unprovoked, (Dkt. # 17, Pg. ID 136), while Defendant Haas claims he did not

punch Plaintiff until he "attempted to pull away and squared up . . . in an aggressive posture," (Dkt. # 15-3, Pg. ID 101.)  As a result of this encounter, Plaintiff claims he suffered an "acute nasal fracture" and was diagnosed with a "mild cerebral concussion and post concussive syndrome." (Dkt. # 17, Pg. ID 137.)  He subsequently filed this Complaint against Defendant Haas in his official and individual capacities and Defendant Redford Township, (Dkt. # 1), seeking damages under § 1983 for Fourth and Fourteenth Amendment violations.

## II. STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003).  The movant has the initial burden of showing the absence of a genuine dispute as to a material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "[T]hat burden may be discharged by showing . . . that there is an absence of evidence to support the nonmoving party's case." *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) (internal quotation marks omitted).

The burden then shifts to the nonmovant, who must put forth enough evidence to show that there exists "a genuine issue for trial." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citation omitted). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 243 (1986).  In evaluating a summary judgment

motion, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial . . . . [C]redibility judgments and weighing of the evidence are prohibited." *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015) (internal quotation marks and citations omitted).

### III. DISCUSSION

Plaintiff alleges that Defendant Township violated his Fourth and Fourteenth Amendment rights by "failing to adequately train and/or supervise its police officers." (Dkt. # 1, Pg. ID 6.) In *Monell v. New York City Dept. Of Social Servs.,* 436 U.S. 658 (1978), the Supreme Court held that civil rights plaintiffs could sue municipalities under § 1983 if they could show that their injury was caused by a municipal policy or custom. Under *Monell* and its progeny, a municipality may be held liable only (1) "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury," *Monell*, 436 U.S. at 694, and (2) when there is an "affirmative link between the policy and the particular constitutional violation alleged," *Oklahoma City v. Tuttle*, 471 U.S. 808, 823(1985); *see also Petty v. Cnty. of Franklin,* 478 F.3d 341, 347 (6th Cir. 2007). A plaintiff must establish that the municipality's official policies or customs (or lack thereof) were a "moving force" behind the deprivation of the plaintiff's rights and arose as a result of "deliberate indifference" to his rights. *See Doe v. Claiborne Cty.*, 103 F.3d 495, 508 (6th Cir. 1996). As the Sixth Circuit has phrased it,

> The key inquiry thus becomes whether, in viewing the [municipality]'s policy in the light most favorable to [Plaintiff], there was sufficient evidence for reasonable minds to find "a direct causal link" between the County's policy and the alleged denial of [Plaintiff's] right . . . . *See, e.g., Blackmore v. Kalamazoo County*, 390 F.3d 890, 900 (6th Cir. 2004) ("A municipality

3

> can be liable under 42 U.S.C. § 1983 only if the plaintiff can demonstrate that his civil rights have been violated as a direct result of that municipality's policy or custom.") (citing *Monell*, 436 U.S. at 694, 98 S.Ct. 2018); *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) ("[T]o satisfy the *Monell* requirements[,] a plaintiff must identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." (internal quotation marks omitted)).

*Ford,* 535 F.3d at 497 (6th Cir. 2008). The court will address Plaintiff's failure to train and failure to supervise claims separately.

### A. Failure to Train

Defendant Redford Township argues it is entitled to summary judgment on Plaintiff's "failure to train" claim because "Plaintiff cannot offer any evidence to show that the Township's training policies are inadequate . . . , much less that any alleged inadequacy is the result of deliberate indifference." (Dkt. # 15, Pg. ID 86.) For inadequacy of police training to serve as the basis for § 1983 liability, it is not enough for a plaintiff "to show that his injury could have been avoided if the officer had more or better training." *Mayo v. Macomb Cty.,* 183 F.3d 554, 558 (6th Cir. 1999). He must show the "failure to train reflects a deliberate or conscious choice by a municipality." *City of Canton v. Harris,* 489 U.S. 378 (1989) (internal quotations omitted).

Plaintiff claims that it is "patently obvious that Defendant Redford Township has routinely failed to properly train its officers as to the proper use of force," (Dkt. # 17, Pg. ID 145). This argument is hollow, and not supported by the evidence. In fact, the evidence demonstrates without contradiction that Defendant Haas, and other officers, received some training in the use of force. Defendant Township has provided the court with Officer Haas' certificates of completion for several courses related to use of force,

4

such as a "PPCT Defensive Tactics System Basic Certification" course taught by PPCT Management Systems, Inc., (*Id.* at Pg. ID 111); a "Criminal Law and Procedure" course at Grand Valley State University (*Id.* at Pg. ID 112); and a "Range 3000 XP Use of Force" training through Michigan Mobile Ranges, Inc., (*Id.* at Pg. ID 113). Indeed, Plaintiff's own argument agrees that "Haas and other Redford Township police officers . . . have sporadically received use of force training." (Dkt. # 17, Pg. ID 145).

Furthermore, the Redford Police Department's official "Policy and Procedure" with respect to "Less than Lethal Use of Force" dictates that the defensive tactics "preferred by Redford Township Police Department are those from PPCT. These techniques *are required subjects in basic police training* as mandated by the Michigan Commission on Law enforcement [sic] Standards." (Dkt. # 5-6, Pg. ID 119 (emphasis added).) "The simple fact that [Redford Township] did have a written policy as to when an officer" can engage in less than lethal force and requires officers to receive training in the preferred methods of force before even being hired "seems to obviate the plaintiff's argument." *Mayo v. Macomb Cnty.,* 183 F.3d 554 (6th Cir. 1999). Plaintiff has failed raised a genuine dispute of material fact on this point. The court will grant summary judgment on this aspect of Plaintiff's Complaint.

### B. Failure to Supervise

Defendant Township also claims it is entitled to summary judgment on Plaintiff's "failure to supervise" claim. This is a sub-species of *Monell* in which the allegedly offensive government "custom" is one of inaction. *Doe v. Claiborne Cty.,* 103, F.3d 495, 508 (6th Cir. 1996). For a municipality to be found liable under this theory, the plaintiff must demonstrate:

5

>(1) The existence of a clear and persistent pattern of illegal activity;
>
>(2) Notice or constructive notice on the part of the municipality;
>
>(3) Tacit approval of the unconstitutional conduct, such that failure to act constitutes deliberate indifference and amounts to an official policy of inaction; and
>
>(4) That the custom was the moving force or a direct causal link in the constitutional deprivation.

*Id.*

Plaintiff has failed to provide the court with evidence that raises a genuine issue of material fact on any of these factors. Nothing in the record suggests that Defendant Haas had a history of using excessive force or otherwise violating suspects' constitutional rights, and no evidence shows that Defendant Township was aware of any such conduct. Without such knowledge, no deliberation can occur, and inaction on the part of the Township cannot be the product of *deliberate* indifference. It cannot be the moving force behind any constitutional deprivation that may have occurred.

Nevertheless, Plaintiff still attempts to argue that the Defendant Township's "complete and utter failure to review its officers' performances on the job" permitted "officers to continuously violate individuals [sic] constitutional rights, thereby causing severe physical injuries similar to what occurred in the instant matter." (Dkt. # 17, Pg. ID 144; *see also, e.g.* Dkt. # 17-4, Pg. ID 175-76.) Plaintiff supports his claim on a thin reed: a single, unpublished case, *Kammeyer v. City of Sharonville,* No. 01-00649, 2006 WL 1133241 (S.D. Ohio April 27, 2006), in which the district court held that a lack of performance reviews under the prevailing circumstances could show that a detective did not receive needed supervision in the course of an allegedly faulty murder investigation; the court therefore allowed Plaintiff's *Monell* claim to be submitted to the jury. But unlike

6

the instant action, in *Kammeyer* the municipality was fully briefed on the allegations against the detective. Not only did several people "sen[d] letters to the mayor . . . which should have put [the city] on notice of the need to supervise" the detective, the department's "entire command staff reported their dissatisfaction with [the detective's] arrogance, failure in communications, and failures to follow through on his policing efforts." *Kammeyer,* 2007 WL 1133241, at *11. No similar history or notices exist in the case at hand. Plaintiff has failed to carry his burden. The court will grant this aspect of Defendant's Motion, as well.

## IV. CONCLUSION

IT IS ORDERED that Defendant's Motion for Summary Judgment as to claims against Redford Township (Dkt. # 19) is GRANTED. A separate judgment will issue at the conclusion of this litigation.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 15, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 15, 2016, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522